IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BRYAN C. BOLDRIDGE,

    *Plaintiff,*

vs.

CITY OF ATCHISON, KANSAS,
POLICE DEPARTMENT, et al.,

    *Defendants.*

Case No. 24-4004-EFM-RES

**MEMORANDUM AND ORDER**

Pro se Plaintiff, Bryan C. Boldridge, brings this suit against the City of Atchison, Kansas Police Department; Officer Darren Kelley; and Atchison City Commissioners Jesse Greenly and Laurachal Young. His Complaint alleges that Defendants violated his Fourth and Eighth Amendment rights when he was arrested in 2018. Before the Court is Defendants' Motion to Dismiss (Doc. 13). Because Plaintiff's claims are time-barred, the Court grants Defendants' Motion to Dismiss.

## I. Factual and Procedural Background[1]

On October 31, 2018, Plaintiff called the Atchison Police Department regarding a missing person. After making the call, Plaintiff briefly left his property and returned to find Officer Kelley there. Initially, Plaintiff believed Officer Kelley wanted to discuss the missing person call Plaintiff

---

[1] The facts are taken from Plaintiff's Complaint and are accepted as true for the purposes of this Order.

had made earlier. Instead, Officer Kelley was investigating a theft of water services complaint. Next, "Officer Kell[e]y exceeded [Atchison Police Department] protocol by tasing, then ultimately shooting [Plaintiff] numerous times without provocation." Although Plaintiff does not allege the full details of this incident, Plaintiff was later convicted and sentenced to a period of confinement because of his interaction with Officer Kelley.

Plaintiff filed his Complaint on January 16, 2024. He brings two counts under 42 U.S.C. § 1983 arising from his interaction with Officer Kelley and his eventual conviction. In the first count, Plaintiff alleges that Officer Kelley violated his Fourth Amendment right to be free from excessive force. In the second count, Plaintiff apparently alleges that Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment when he was confined pursuant to the sentence that was eventually vacated. He received the "mandate/reversal/vacated sentence[]" on September 13, 2021. With the limited facts available, the Court interprets Plaintiff's second count as a false imprisonment claim.

On April 15, 2024, Defendants filed the present motion requesting that the Court dismiss all counts against them. Plaintiff responded on May 16, 2024,[2] and Defendants replied on May 21, 2024. The matters are fully briefed and ripe for the Court's determination.

---

[2] The Court construes the document Plaintiff filed entitled "Affidavit" as a response to the Defendants' Motion to Dismiss.

## II.     Legal Standard

### A.     Pro Se Litigants

Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers."[3] A pro se litigant is entitled to a liberal construction of his pleadings.[4] If a court can reasonably read a pro se complaint in such a way that it could state a claim on which it could prevail, it should do so despite "failure to cite proper legal authority, . . . confusion of various legal theories, . . . or [the plaintiff's] unfamiliarity with pleading requirements."[5] However, it is not the proper role of a district court to "assume the role of advocate for the pro se litigant."[6]

### B.     Motion to Dismiss under Rule 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move for dismissal of any claim for which the plaintiff has failed to state a claim upon which relief can be granted.[7] Upon such motion, the court must decide "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'"[8] A claim is facially plausible if the plaintiff pleads facts sufficient for the court to reasonably infer that the defendant is liable for the alleged misconduct.[9] The plausibility standard reflects the requirement in Rule 8 that pleadings provide defendants with

---

[3] *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

[4] *See Trackwell v. U.S. Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007) ("Because [the Plaintiff] appears pro se, we review his pleadings and other papers liberally and hold them to a less stringent standard than those drafted by attorneys.").

[5] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[6] *Id.*

[7] Fed. R. Civ. P. 12(b)(6).

[8] *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[9] *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

fair notice of the nature of claims as well the grounds on which each claim rests.[10] Under Rule 12(b)(6), the court must accept as true all factual allegations in the complaint, but need not afford such a presumption to legal conclusions.[11] Viewing the complaint in this manner, the court must decide whether the plaintiff's allegations give rise to more than speculative possibilities.[12] If the allegations in the complaint are "so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'"[13]

### III. Analysis

Defendants seek dismissal of Plaintiff's Complaint, arguing that the statute of limitations has expired and for other reasons unique to the several Defendants. Because the statute of limitations defense is equally applicable to all Defendants, the Court only addresses that argument.

Although the statute of limitations is generally an affirmative defense, it may sometimes be addressed on a motion to dismiss.[14] Specifically, "when the dates given in the complaint make clear that the right sued upon has been extinguished, the plaintiff has the burden of establishing a factual basis for tolling the statute."[15]

"State statutes of limitations applicable to general personal injury claims supply the limitations periods for § 1983 claims, but federal law governs the time of accrual of § 1983

---

[10] *See Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) (citations omitted); *see also* Fed. R. Civ. P. 8(a)(2).

[11] *Iqbal*, 556 U.S. at 678–79.

[12] *See id.* ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." (citation omitted)).

[13] *Robbins*, 519 F.3d at 1247 (quoting *Twombly*, 550 U.S. at 570).

[14] *Aldrich v. McCulloch Props., Inc.*, 627 F.2d 1036, 1041 n.4 (10th Cir. 1980).

[15] *Id.*

claims."[16] In Kansas, personal injury claims must be brought within two years.[17] "Since the injury in a § 1983 case is the violation of a constitutional right, such claims accrue when the plaintiff knows or should know that his constitutional rights have been violated."[18]

Plaintiff's first claim alleges that he was subjected to excessive force when he was arrested on October 31, 2018. The Court finds that Plaintiff knew or should have known of the violation on that date. Consequently, Plaintiff's claim accrued on October 31, 2018. Here, Plaintiff filed his Complaint more than five years later. Thus, this claim is time-barred.[19]

For a false imprisonment claim, the statute of limitations begins to run when the false imprisonment comes to an end.[20] In support of Plaintiff's Eighth Amendment count, he asserts that "without mandate I had no cause for action" and the "mandate was received and official Sept 30 2021." Interpreting Plaintiff's Eighth Amendment allegation as one of false imprisonment, the Court finds that his claim accrued on this day. However, he filed this suit on January 16, 2024—three months after the statute of limitations expired based upon Plaintiff's asserted accrual date.

The Court notes that Plaintiff somewhat cryptically references three dates in his response to Defendants' motion: "October 2020," "July 6 2020," and "Sept 2023"—next to the statement "filed in a timely manner." Liberally construing these dates with his assertion that he followed

---

[16] *Beck v. City of Muskogee Police Dep't.*, 195 F.3d 553, 557 (10th Cir. 1999) (citations omitted).

[17] K.S.A. § 60-513(a)(4).

[18] *Beck*, 195 F.3d at 557. (quoting *Smith v. City of Enid ex rel. Enid City Comm'n*, 149 F.3d 1151, 1154 (10th Cir. 1998)).

[19] Even accounting for the Kansas Supreme Court's orders regarding COVID-related tolling, the Court finds that Plaintiff's Complaint is time-barred. *See* Kan. Sup. Ct. Admin. Ord. 2021-PR-020.

[20] *Wallace v. Kato*, 549 U.S. 384, 389 (2007).

K.S.A. § 12-105b, the Court interprets this to mean Plaintiff's service of notice of claims on those dates should toll the statute of limitations.[21]

However, "[a] notice of claim under K.S.A. 12-105b is not necessary to bring a federal claim under Section 1983. Therefore, the filing of such a notice does not toll the running of the limitations period."[22] Thus, even accepting that Plaintiff filed notice of claims on those dates, the statute of limitations related to his § 1983 claims are unaffected.

Overall, the Court finds that Plaintiff's § 1983 claims are time-barred and should be dismissed. To the extent Plaintiff's Complaint can be construed to assert state law claims, because there are no remaining federal claims, the Court declines to exercise supplemental jurisdiction.[23]

Defendants request the Court award them costs and attorney's fees pursuant to 42 U.S.C. § 1988. Under this provision, when a defendant prevails, the Court may award attorney's fees if "the plaintiff's action was frivolous, unreasonable, or without foundation."[24] This standard is "quite high."[25] Because Defendants provide no analysis supporting their request, the Court denies Defendants request for costs and attorney's fees.

---

[21] Generally, K.S.A. § 12-105b requires litigants seeking to bring an action under the Kansas Tort Claims Act against a municipality or a municipal employee to file a written notice of claim with that municipality's clerk. *See* K.S.A. § 12-105b(d)(1).

[22] *Kwofie v. Hagemeister*, 2002 WL 1796269, at *1 (D. Kan. July 1, 2002) (citations omitted).

[23] *Smith*, 149 F.3d at 1156 ("When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims.").

[24] *Fox v. Vice*, 563 U.S. 826, 833 (2011) (quotations and citation omitted).

[25] *Smith v. Williams*, 2024 WL 1834570, *1 (D. Kan. Apr. 26, 2024).

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss (Doc. 13) is **GRANTED**.

**IT IS SO ORDERED**.

This case is closed.

Dated this 9th day of October, 2024.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE