IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BRYAN C. BOLDRIDGE,

    *Plaintiff,*

v.

CITY OF ATCHISON, KANSAS,
POLICE DEPARTMENT, et al.,

    *Defendants.*

Case No. 24-4004-EFM-RES

**MEMORANDUM AND ORDER**

Before the Court is Plaintiff's Motion for Reconsideration (Doc. 25) of this Court's order dismissing his claims against Defendants City of Atchison, Kansas Police Department; Officer Darren Kelley; and Atchison County Commissioners Jesse Greenly and La Rochelle Young. Defendants oppose the motion. For the reasons stated below, the Court denies Plaintiff's motion.

**I.    Factual and Procedural Background**

On October 9, 2024, the Court dismissed Plaintiff's 42 U.S.C. § 1983 claims against Defendants as time-barred and declined to exercise supplement jurisdiction over his state law claims. In that order, the Court discussed Plaintiff's factual allegations in more detail, but generally, Plaintiff brought claims against Defendants alleging his Fourth and Eighth Amendment rights were violated when Plaintiff was arrested by Officer Kelley and subsequently convicted and sentenced to a period of confinement because of his interactions with Officer Kelley.[1]

---

[1] The Kansas Court of Appeals reversed Plaintiff's conviction and vacated his sentence for attempted voluntary manslaughter. The court found that there was insufficient evidence to support his conviction for attempted voluntary manslaughter because Plaintiff unlawfully resisted arrest. The court found that Plaintiff's unlawful resistance could not satisfy the legally-sufficient-provocation element of the charge as defined in the trial court's jury

## II. Legal Standard

The Court has discretion whether to grant a motion to reconsider.[2] The Federal Rules of Civil Procedure do not formally recognize a "motion to reconsider."[3] Instead, a post-judgment motion to reconsider "may arise under either Rule 59(e) (motion to alter or amend the judgment) or Rule 60(b) (relief from judgment for mistake or other reason)," although the rules are not interchangeable.[4] A motion for reconsideration under Rule 59(e) "gives the court the opportunity to correct manifest errors of law or fact and to review newly discovered evidence."[5] The court should alter or amend its judgment where the court has misapprehended the facts, the parties' positions, or the controlling law.[6] "A motion to reconsider is not a second chance for the losing party to make its strongest case or to dress up arguments that previously failed."[7] Such motions are not appropriate if the movant only wants the Court to revisit issues already addressed or to hear new arguments or supporting facts that could have been presented originally.[8]

## III. Analysis

Plaintiff requests that the Court reconsider dismissing his Complaint for several reasons. First, Plaintiff asserts that Defendants did not file an answer, so he asks this Court to order Defendants to file an answer to his Complaint. However, Defendants elected to file a motion to

---

instructions. *See State v. Boldridge*, 491 P.3d 1287, (Kan. Ct. App. 2019) (unpublished table decision) ("We find [Plaintiff's] argument is correct even if the result it mandates feels wrong.").

[2] *See Hancock v. City of Okla. City*, 857 F.2d 1394, 1395 (10th Cir. 1988).

[3] *See Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).

[4] *Jennings v. Rivers*, 394 F.3d 850, 854 (10th Cir. 2005) (further citations and quotations omitted).

[5] *Voelkel v. General Motors Corp.*, 846 F. Supp. 1482, 1483 (D. Kan. 1994) (citing *Comm. for First Amend. v. Campbell*, 962 F.2d 1517, 1523 (10th Cir.1992)).

[6] *Barber ex rel. Barber v. Colo. Dep't of Revenue*, 562 F.3d 1222, 1228 (10th Cir. 2009) (further citations and quotations omitted).

[7] *Voelkel*, 846 F. Supp. at 1483.

[8] *See Van Skiver*, 952 at 1243.

dismiss under Fed. R. Civ. P. 12(b), which tolls their time to file an answer until the motion to dismiss is resolved.[9]

Second, Plaintiff asserts that he will prove at trial that he filed his claims in a timely manner. Here, Plaintiff's legal conclusion that his claims are not time-barred does not cause the Court to believe it has misapprehended the facts, his position, or the applicable law.

Plaintiff's last two arguments for reconsideration are that (1) Officer Kelley did not follow protocol which caused him damage, and (2) he was disabled because of Defendants' negligence. But even if Plaintiff could make these showings, his claims could not proceed because they are time-barred.

In sum, Plaintiff has not convinced the Court that it needs to correct a manifest error, nor does he provide new evidence for this Court to review.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Reconsideration (Doc. 25) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 11th day of December, 2024.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE

---

[9] *Marquez v. Cable One, Inc.*, 463 F.3d 1118, 1120 (10th Cir. 2006).