FILED
United States Court of Appeals
Tenth Circuit

October 1, 2025

Christopher M. Wolpert
Clerk of Court

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

―――――――――――――――――――――

BRYAN C. BOLDRIDGE,

    Plaintiff - Appellant,

v.

CITY OF ATCHISON, KANSAS; DARREN KELLY; JESSE GREENLY; LAURACHAL YOUNG,

    Defendants - Appellees.

No. 24-3190
(D.C. No. 5:24-CV-04004-EFM-RES)
(D. Kan.)

―――――――――――――――――――――

## ORDER AND JUDGMENT[*]

―――――――――――――――――――――

Before **McHUGH**, **KELLY**, and **FEDERICO**, Circuit Judges.

―――――――――――――――――――――

Bryan C. Boldridge, proceeding pro se, appeals the district court's dismissal of his lawsuit as untimely. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

## I.    BACKGROUND & PROCEDURAL HISTORY

The Underlying Events. On October 31, 2018, Boldridge arrived at his home in Atchison, Kansas, and encountered three men standing outside: two employees of

―――――――――

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

the Atchison Water Department plus an Atchison police officer named Darren Kelley. *See State v. Boldridge*, No. 121,942, 2021 WL 3573831, at *1 (Kan. Ct. App. Aug. 13, 2021).[1] These men were investigating suspected theft of services. *Id.* Boldridge and Kelley have conflicting accounts of what happened next, but Boldridge at least understood that Kelley intended to charge him with theft of services, and from there, the situation escalated. *Id.* at *1–2. It is undisputed that Kelley and Boldridge soon opened fire on each other, or at least discharged their respective sidearms in each other's direction. *Id.*

<u>State Court Proceedings.</u>  "The State [of Kansas] charged Boldridge with one count each of attempted second-degree murder, theft, criminal discharge of a firearm, and criminal damage to property. At the outset of the trial, Boldridge pled guilty to theft, and the case went forward on the remaining three charges." *Id.* at *2. "The jury convicted Boldridge of attempted voluntary manslaughter [a lesser included offense of attempted second-degree murder], criminal damage to property, and criminal discharge of a firearm." *Id.* The trial court imposed a 32-month prison sentence for the manslaughter conviction and shorter, mostly concurrent sentences for the other convictions. *Id.*

---

[1] The events leading to this lawsuit are very thinly described in the district court record. We therefore take judicial notice of the Kansas Court of Appeals's decision, which is based on the evidence developed in a criminal trial against Boldridge arising from the same events that underlie the current lawsuit. *See, e.g.*, *United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007) (taking judicial notice of official court filings).

Boldridge appealed only his attempted manslaughter conviction. *See id.* at *1. He argued the jury did not have enough evidence to support this conviction because the trial court "only instructed the jury as to the variation of voluntary manslaughter committed in the 'heat of passion.'" *Id.* at *3. "[W]hether a person acts in the heat of passion is subject to an objective test," *id.*, and, according to Boldridge, "he could not have acted with legally sufficient provocation because he was reacting to Kelley's attempt to make an arrest and a person ordinarily cannot use force to resist an arrest even if he or she believes the arrest is unlawful," *id.* at *4. Elaborating, "Boldridge assert[ed] the circumstances did not give rise to legally sufficient provocation for the jury to find he acted in the heat of passion because a reasonable person would not have unlawfully resisted an officer's lawful use of force in making an arrest by discharging a firearm in the officer's direction." *Id.* In a decision dated August 13, 2021, the Kansas Court of Appeals agreed with Boldridge: "We find Boldridge's argument is correct even if the result it mandates feels wrong." *Id.* The court therefore reversed the manslaughter conviction and vacated the corresponding sentence. *Id.* at *5.

Federal Court Proceedings. On January 16, 2024, Boldridge filed a pro se 42 U.S.C. § 1983 action in the United States District Court for the District of Kansas. The named defendants were the Atchison Police Department, Officer Kelley, the city commissioner, and the mayor (collectively, Defendants). Boldridge accused Kelley of using excessive force, in violation of the Fourth Amendment, when he arrested Boldridge on October 31, 2018.

3

Boldridge further claimed that defendants violated his Eighth Amendment right to be free from cruel and unusual punishment. In support of that theory, he stated, "On Sept 13[,] 2021[,] I was given my mandate/reversal/vacated sentencing," R. at 9, apparently referring to the Kansas Court of Appeals's decision. He then cross-referenced a written claim he made against the City of Atchison and Officer Kelley under Kansas's notice-of-claim statute, which governs claims against municipalities and their employees. *See* Kan. Stat. Ann. § 12-105b. The date written on this notice-of-claim document—presumably the date Boldridge submitted it to the City—was September 13, 2023. R. at 13.

Defendants moved under Federal Rule of Civil Procedure 12(b)(6) to dismiss Boldridge's complaint with prejudice for various reasons, including untimeliness. They argued that Kansas's two-year statute of limitations for personal injury claims, *see* Kan. Stat. Ann. § 60-513(a)(4), applies to § 1983 claims. They further argued that Boldridge's excessive force claim accrued on the day the alleged excessive force occurred (October 31, 2018). Thus, he needed to file his lawsuit no later than October 31, 2020, whereas his actual filing date was January 16, 2024. Boldridge responded that he had no cause of action until September 30, 2021, when his conviction was allegedly vacated or reversed.[2]

The district court agreed with Defendants that the Fourth Amendment claim accrued on the date of the excessive force (October 31, 2018), making Boldridge's

---

[2] It is unclear why this date differs from the September 13 date alleged in the complaint.

4

lawsuit untimely as to that claim. The district court also liberally construed Boldridge's thinly explained Eighth Amendment claim as a Fourth Amendment false imprisonment cause of action. As to that, the district court relied on *Wallace v. Kato*, 549 U.S. 384 (2007), which states, "Limitations begin to run against an action for false imprisonment when the alleged false imprisonment ends," *id.* at 389 (internal quotation marks omitted). The district court accepted Boldridge's assertion in his response that he was released on September 30, 2021, meaning he needed to file his lawsuit by September 30, 2023. Therefore, his filing on January 16, 2024, was too late.

The district court further liberally construed Boldridge's papers to be arguing that his claim submitted to the City under the Kansas notice-of-claim statute tolled the statute of limitations period. The district court rejected this argument, reasoning that the notice-of-claim statute is not a prerequisite to bringing federal claims (such as a § 1983 claim), so a pending notice has no effect on the statute of limitations for a federal claim.

In light of all this, the district court granted Defendants' motion, dismissed Boldridge's complaint, and entered final judgment against him. Boldridge timely appealed.

**II.   ANALYSIS**

"This court reviews de novo [a] district court order granting [a Rule] 12(b)(6) motion to dismiss on statute of limitations grounds." *Brady v. UBS Fin. Servs., Inc.*, 538 F.3d 1319, 1323 (10th Cir. 2008). But Boldridge does not attack the reasoning

5

underlying the district court's conclusion that he filed his suit too late. Boldridge instead argues the district court's dismissal was illegitimate because the district court never heard the facts of his case or the supporting evidence. He further argues that Defendants' motion to dismiss is not a substitute for an answer to his complaint.

Construing Boldridge's arguments liberally given his pro se status, *see Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), we understand him to be arguing that a district court may not, at the pleading phase, dismiss an action on statute-of-limitations grounds. But we have long held the opposite. *See Aldrich v. McCulloch Props., Inc.*, 627 F.2d 1036, 1041 n.4 (10th Cir. 1980) ("While the statute of limitations is an affirmative defense, when the dates given in the complaint make clear that the right sued upon has been extinguished, . . . [s]tatute of limitations questions may . . . be appropriately resolved on a Fed. R. Civ. P. 12(b) motion."). Here, Boldridge's complaint and its attached documents specified the relevant dates. *See Tal v. Hogan*, 453 F.3d 1244, 1265 n.24 (10th Cir. 2006) ("Exhibits attached to a complaint are properly treated as part of the pleadings for purposes of ruling on a motion to dismiss."). Those dates show a clear statute-of-limitations problem. The district court therefore appropriately reached the issue.

Boldridge offers no argument that the district court incorrectly selected the accrual date for his cause of action, incorrectly identified the relevant statute of limitations, or incorrectly applied the relevant law. We therefore will not further examine the court's reasoning. *See Carney v. Oklahoma Dep't of Pub. Safety*,

875 F.3d 1347, 1351 (10th Cir. 2017) ("Although we construe . . . pro se papers liberally, we cannot make arguments for [the pro se party]." (citation omitted)).

### III.  CONCLUSION

We affirm the district court's judgment.

                                      Entered for the Court

                                      Carolyn B. McHugh
                                      Circuit Judge